**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAZOR USA LLC and SHANE CHEN,**<br><br>　　　　　　　　　　**Plaintiffs,**<br>v.<br><br>**DGL GROUP, LTD,**<br><br>　　　　　　　　　　**Defendant.** | Civil Action No. 19-12939 (JMV)<br><br><br>**OPINION** |

**FALK, U.S.M.J.**

This is a patent infringement case. Before the Court is Defendant DGL Group, LTD.'s motion for leave to amend its invalidity contentions. Plaintiffs, Razor USA LLC and Shane Chen, oppose the motion. No oral argument is necessary. For the reasons stated below, the motion is **GRANTED**.

**RELEVANT BACKGROUND**

This infringement case involves patents related to two-wheeled electric vehicles commonly known as "hoverboards." Plaintiff Shane Chen ("Chen") is the owner of the patents at issue. Plaintiff Razor USA LLC (referred to jointly with Chen as "Razor" or "Plaintiffs") is the exclusive licensee. Reissue Patent No. RE46,964 (the "RE964 Patent") is one of the patents in suit. It is a reissue of U.S. Patent No. 8,738,278 (the

1

"'278 Patent").

The '278 Patent had been issued on May 27, 2014. In May 2016, Chen filed an application with the U.S. Patent and Trademark Office ("USPTO") requesting reissue of the '278 Patent. During the reissue prosecution proceedings before the USPTO, Chen also filed additional continuation reissue applications seeking multiple reissue patents.[1] The '278 Patent reissued as the RE964 Patent on July 24, 2018.[2] Other reissue applications from the '278 Patent remained pending before the USPTO. (Pl.'s Letter Br. at 3.)[3]

On May 24, 2019, Razor filed its Complaint asserting that DGL infringed its RE964 Patent. Razor did not assert the '278 Patent. The initial scheduling conference was held on September 18, 2019, and an initial scheduling order was entered on September 19, 2019. Fact discovery is scheduled to close on October 15, 2020.

On October 2, 2019, Razor served its Infringement Contentions[4] on DGL. According to DGL, Razor identified claims from the RE964 Patent, but did not assert any claims from the '278 Patent. DGL served its Invalidity Contentions[5] on Razor on November 20, 2019.

In late December, Chen sent cease and desist letters to DGL's customers

---

[1] See 35 U.S.C. § 251(b) (authorizing patentees to file, and the USPTO to issue, multiple reissue patents from the same original patent).
[2] Both the '278 Patent and the RE964 Patent are owned by Plaintiff Shane Chen.
[3] As of the filing date of Plaintiffs' Letter Brief, one reissue application remained pending.
[4] Disclosure of Asserted Claims and Infringement Contentions & Document Production pursuant to L. Pat. R. 3.1 and 3.2
[5] Disclosure of Invalidity Contentions Production pursuant to L. Pat. R. 3.3.

stating, among other things, that the RE964 Patent is the reissue patent of the '278 Patent, and that due to pending reissue applications, the '278 Patent had not been surrendered. According to DGL, it became aware of the letters in January 2020. DGL claims that Plaintiffs had not previously notified DGL of the pending reissue applications, nor had they apprised DGL of their theory that the '278 Patent had not been surrendered.

Having allegedly only learned of Plaintiffs' position regarding surrender of the '278 Patent in January, on February 18, 2020, DGL sent Razor its proposed amended invalidity contentions and requested Razor's consent to amend. DGL explained that if Plaintiffs' position is that the '278 Patent is not surrendered, amendment is necessary because the asserted claims of the RE964 Patent are invalid under the doctrine of statutory and/or non-statutory double patenting. (CM/ECF No. 42, Ex. H.) On February 21, Plaintiffs requested that DGL provide legal support for its double patenting theory which DGL supplied the same day. On February 25, Razor responded and declined to give consent to the amendments.

On February 27, 2020, the Undersigned held a conference and authorized briefing on the amendment issue. On March 17, 2020, DGL filed its request to amend pursuant to Local Patent Rule 3.7. DGL seeks to amend its invalidity contentions for the limited purpose of adding the defenses of statutory and/or non-statutory double patenting against the asserted claims of the RE964 Patent. DGL explained:

> The grounds for the amendment is Plaintiff's position, recently expressed in connection with this litigation, that (1) at least one claim of the RE964

> Patent is substantially identical to at least one claim of the ['278 Patent] from which the RE964 Patent reissued, and (2) the '278 Patent was not surrendered in obtaining the RE964 Patent.

(Def.'s March 17 Letter Br. at 1.) DGL argues that leave to amend should be granted because it can demonstrate "good cause", Plaintiffs will not suffer undue prejudice, and DGL has timely filed its application for amendment.

On March 31, 2020, Razor filed opposition, arguing that DGL failed to establish "good cause" and claiming that DGL's arguments in support of amendment are based on an "incorrect" assertion—that DGL first learned of Plaintiff's position after it served its invalidity contentions. (Pl.'s Letter Br. at 1.)

## **LEGAL STANDARD**

"The Local Patent Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their case." *King Pharm., Inc. v. Sandoz*, 2010 WL 2015258, at *4 (D.N.J. May 20, 2010). The Patent Rules "are designed to require the parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Celgene Corp. v. Natco Pharma Ltd.*, 2015 WL 4138982, at *4 (D.N.J. July 9, 2015). Nevertheless, the Patent Rules are not "a straightjacket into which litigants are locked from the moment their contentions are served . . . [a] modest degree of flexibility exists, at least near the outset." *Astrazeneca AB v. Dr. Reddy's Labs, Inc.*, 2013 WL 1145359 (D.N.J. Mar. 18, 2013).

Local Patent Rule 3.7 governs requests to amend contentions. The Rule allows

4

for amendments "only by order of the Court upon a timely application and showing of good cause." *Id*. Good cause "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Astrazeneca*, 2013 WL 1145359, at *3.

Rule 3.7 provides a "non-exhaustive" list of examples that may, absent undue prejudice to the adverse party, support a finding of good cause: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material prior art despite earlier diligent searches; (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of Infringement contentions; (d) disclosure of an infringement contention by a Hatch-Waxman Act party asserting infringement . . . that requires response by the adverse party because it was not previously presented or reasonably anticipated . . . ." *Id*.

Courts have also considered the following in determining whether good cause exists: reason for the delay; importance of the information to be excluded; the danger of unfair prejudice; and the availability of a continuance and the potential impact of a delay on judicial proceedings. *See, e.g.*, *Int'l Development, LLC v. Simon Nicholas Richmond and Adventive Ideas, LLC*, 2010 WL 3946714, at *3 (D.N.J. Oct. 4, 2010).

In sum, amendment will be permitted when there is "(1) a timely application, (2)

5

there is a showing of good cause, and (3) the adverse party does not suffer undue prejudice." *Celgene Corp.*, 2015 WL 4138982, at *4; *see also Abraxis BioScience, LLC v. Actavis, LLC*, No. 16-1925, 2017 WL 2079647, at *2 (D.N.J. May 15, 2017).

## DECISION

The Court is satisfied that DGL has been diligent and demonstrated good cause for its proposed amendments to its invalidity contentions, and that the amendments will not cause undue prejudice to Plaintiffs.

### A. Timeliness and Good Cause

DGL claims that it did not become aware during this litigation of Chen's pending reissue applications and Plaintiffs' position on surrender until January 2020, some two months after it served its invalidity contentions, when it learned that Chen had sent letters to DGL customers. Pointing to the fact the '278 Patent is not asserted in Plaintiffs' Complaint, DGL contends that it did not elaborate on its liability theory under 35 U.S.C. § 101 in its Answer because it reasonably relied on the statutory authority that the original patent was surrendered upon the reissue of the RE964 Patent.

Plaintiffs oppose claiming that DGL's proposed amendments are not based on new information and that DGL was aware of Plaintiffs' position at the time it served its invalidity contentions. Plaintiffs rely on two letters to support their contention that DGL had knowledge: (1) an August 30, 2018 letter to DGL that the '278 Patent had not been surrendered, and (2) DGL's November 2019 letter to Razor. (CM/ECF Nos. 45, 45-1 and 45-2.) Plaintiffs also maintain that DGL should have been aware of its position based on Plaintiffs' previous statements made in proceedings at the International Trade

6

Commission ("ITC") and Federal Circuit proceedings.  Finally, Plaintiffs argue that DGL was not diligent and its request to amend was not timely.

The Court finds that DGL acted diligently and has shown good cause.  The letters relied upon by Plaintiffs have little, if any, relevance to DGL's request to amend.  First, the August 30, 2018 letter was sent by another law firm to DGL *before* this litigation even began.  While a footnote in the letter states "there has not been a surrender of the '278 Patent", it appears, at least from the pleadings and Plaintiffs' infringement contentions, that Plaintiffs had never taken this position *in this litigation*.  (CM/ECF No. 45-1.)  Given the complexity of statutory authority governing effect of reissue, it is reasonable, whether correct or not, for DGL to have believed that the '278 Patent had been surrendered when RE964 reissued.  The reasonableness of DGL's belief is underscored by the fact that Plaintiffs did not assert the '278 Patent in the Complaint in this case.  *See* 35 U.S.C. § 252 ("The surrender of the original patent shall take effect upon the issue of the reissued patent."); *see also Pfizer Inc. v. Apotex Inc.*, 731 F. Supp. 2d 741, 753 n. 7 (N.D. Ill. 2010) ("individual claims are deemed to have been surrendered (and thus to be unenforceable) once they are reissued.")

DGL's November 12, 2019 letter to Razor does not persuade this Court to find DGL failed to act diligently.  To the contrary, the letter is arguably probative of DGL's diligence in attempting to determine Plaintiffs' position in this case.  DGL's November letter provided, "[p]resumably, if Razor's position is that the '278 Patent was not surrendered and is still enforceable, then it would have sought to enforce it in this case and claim damages back to the issue date of the '278 Patent.  It has not done so."

(CM/ECF No. 45-2, at 102.) As explained by DGL, its November letter was merely an attempt to gain clarification of Razor's position. Notably, according to DGL, Plaintiffs never responded to DGL's letter (Def.'s Br. 2-3.) It is conceivable for DGL to have concluded based on the circumstances (no assertion of the '278 Patent coupled with Razor's lack of reply to its letter), that the patent had been surrendered. The request for information from Razor demonstrates DGL's diligence.

Any argument by Razor that DGL should have been aware of its position based on statements made in ITC and Federal Circuit proceedings is simply unpersuasive. DGL was not a party to those proceedings. It cannot know or presume which of Plaintiffs' positions taken in those proceedings are meant to apply in the present litigation.

Given that Plaintiffs' position with regard to the '278 Patent has only recently been made clear to DGL, it is reasonable for it to seek to include the defenses of statutory and/or non-statutory double patenting against the asserted claims of the RE964 Patent now. DGL seeks to amend based on information that became definitively known to it after it served its invalidity contentions. The Court finds that is sufficient good cause to seek leave to amend.

The Court finds that the proposed amendments are timely. Any "delay" is from January 2020, when DGL first learned in this litigation of Plaintiffs' lack of surrender, to February 18, 2020, when consent to the proposed amendments were sought. (CM/ECF No. 42, Ex. H.) That is approximately only one month to investigate the defense and draft and serve the proposed amended contentions, while at the same time complying

with scheduling order deadlines and addressing other discovery disputes that have arisen in this case.  DGL raised the issue with Plaintiffs, attempted to obtain consent, and pursued motion practice when consent was declined.  All these events occurred between January and March, within about two months-time.  The Court does not find that DGL delayed with respect to seeking amendment.  *See Abraxis*, 2017 WL 2079647, at *4 (finding application timely where four months "to review… response, investigate, prepare and served amended contentions").

### B. <u>Undue Prejudice</u>

In deciding whether DGL's proposed amendments would prejudice Razor, the Court considers whether the proposed amendments would: (1) require the opposing party to expend significant additional resources; or (2) significantly delay resolution of the dispute. *See, e.g.*, *TFH Publications v. Doskocil Mfg. Co., Inc.*, 705 F. Supp. 2d 361, 366 (D.N.J. 2010).

Razor will suffer no undue prejudice if the amendments are permitted.  Fact discovery is not set to close until October 15, 2020, and opening expert reports are not due until November 20, 2020.  In any case, likely no additional discovery is needed.  The amendment adds no new prior art references.  The proposed amendments relate solely to theories of double patenting based on the '278 Patent.  Chen is the inventor and owner of both the '278 Patent and the RE964 Patent and Razor is the licensee.  Plaintiffs possess all the relevant information related to the '278 Patent and its file history.  While Markman briefs have been filed, no hearing date has been set.

Razor has not demonstrated that it will expend a disproportionately burdensome amount of time or money to respond to the contentions. In fact, Razor essentially does not challenge DGL's claim of lack of prejudice in its opposition. Given these circumstances, additional work, if any, would be minimal and does not constitute undue prejudice. *See e.g. AS Am., Inc. v. Masco Corp. of Ind.*, 2013 WL 4084237, at *3 (D.N.J. Aug. 13, 2013) ('[a]lthough defendant's amendment may require some additional work on plaintiff's part, the additional work is not significant or vexatious.") The amendments will not prolong the case. There is no trial date. In sum, there is no undue prejudice which would warrant denial of DGL's motion.[6]

## CONCLUSION

For the reasons stated above, DGL's motion for leave to amend its invalidity contentions is **GRANTED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated:  July 2, 2020**

---

[6] Plaintiffs also argue that DGL's proposed amendments are futile. First, Plaintiffs argue that statutory double patenting is not an available defense because if the claims of the RE964 Patent are identical to those of the '278 Patent, then the latter's claims are surrendered. Plaintiffs also argue that DGL's non-statutory double patenting argument is futile because Chen could moot such a finding by filing a terminal disclaimer. It is unclear, based on the record before this Court, whether either of these arguments have merit. Given the complexity of patent claims and the law governing them, these arguments are better presented to the District Judge upon a full briefing for decision. Accordingly, this Court makes no finding on Plaintiffs' claims of futility as a basis to deny DGL's motion.